# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

REGINALD PERKINS,  :
    Movant,  :
        :      CRIMINAL ACTION NO.
v.  :      1:16-CR-0029-1-SCJ
        :
UNITED STATES OF AMERICA,  :
    Respondent.  :

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 85]. Movant has filed his objections in response to the R&R. [Doc. 87].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

Briefly describing Movant's criminal activities, while he was in prison for a state conviction, he engaged in a fraudulent scheme whereby he used a contraband cell phone and, posing as a law enforcement officer, called individuals and convinced them to pay him a "fine" to avoid being arrested for purportedly missing jury duty. As he

instructed, Movant's victims purchased cash cards and provided the numbers to him. Movant's confederates then transferred the money to other cards so that the ill-gotten funds were no longer traceable. Movant pleaded guilty to one count of money laundering, and this Court sentenced him to one hundred and fifty-one months confinement and three years of supervised release. At sentencing, this Court attributed one million dollars in losses to him. Movant filed an appeal which the Eleventh Circuit dismissed because Movant had waived his right to appeal pursuant to his plea agreement.

In her well-reasoned R&R, the Magistrate Judge recommends that Movant's § 2255 motion be denied because he has failed to demonstrate that he is entitled to relief. In his § 2255 motion, he originally raised two claims of ineffective assistance of counsel: (1) his trial counsel was ineffective for failing to adequately object to the one million dollar loss amount, and (2) his trial counsel was ineffective for influencing him to agree to waive his appeal rights. The Magistrate Judge found that Movant abandoned his second claim regarding his appeal waiver, and Movant does not object to that finding.

With respect to his first claim, Movant claims that the one million dollar loss amount was based solely on his "boast" to law enforcement agents that " had he still been in prison, he could have been a millionaire and could have laundered one million

in proceeds by that time." [Doc. 87 at 3]. However, there is a videotape of that statement, and the following is what Movant actually said in his discussion with the agents:

> Law Enforcement Officer: So it was then thousands and thousands and thousands of dollars?
>
> Movant: Yeah, I could probably be a millionaire if I saved all that money.
>
> Law Enforcement Officer: Really?
>
> Movant: No questions asked.
>
> . . . .
>
> Law Enforcement Officer: So over the time period, the, the 6-8 months, the 6-7 months, that you said, I mean, you said it yourself, it's probably a million dollars or so that rolled in?
>
> Movant: Definitely.

[Doc. 85 at 2 (quoting an exhibit to the Government's sentencing memorandum)].

Movant also acknowledged during his plea colloquy that "he moved approximately . . . a million dollars worth of these proceeds." [Doc. 69 at 20]. If further appears that Movant's trial counsel objected vigorously to the one million dollar loss amount by contending that Movant's statement were not reliable and that the correct loss amount attributable to Movant was $70,785.00. Based on these facts, the Magistrate Judge concluded that the record clearly demonstrates that Movant

cannot demonstrate that his trial counsel was ineffective for failing to adequately argue against the one million dollars in losses attributed to him.

In his objections, Movant merely repeats his clearly false claim that he told law enforcement officers that he "could have" made a million dollars. As the Magistrate Judge properly rejected that contention, this Court now holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 85], is hereby **ADOPTED** as the order of this Court, and the pending § 2255 motion is **DENIED**. The Clerk is **DIRECTED** to close Civil Case Number 1:18-CV-4074-SCJ.

This Court further agrees with the Magistrate Judge that (1) "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and no hearing is required, and (2) Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 1st day of March, 2019.


s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

4